IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WhitServe, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>GoDaddy.com, Inc., and<br>Zygo Corp.,<br><br>        Defendants. | CASE NO. 3:11-cv-00948-JCH<br><br>JURY TRIAL DEMANDED<br><br><br><br>Filed:  August 12, 2011 |

**DEFENDANT GODADDY.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS IN RESPONSE TO WHITSERVE, LLC'S COMPLAINT**

Defendant GoDaddy.com, Inc. ("Go Daddy") by and through the undersigned counsel, hereby submits the following Answer to WhitServe, LLC's ("WhitServe") Complaint.

## ANSWER

### Nature of the Action

1. Go Daddy admits that on its face, the Complaint alleges claims for patent infringement under 35 U.S.C. § 271 *et seq.*, and seeks injunctive relief and damages under 35 U.S.C. §§ 283-285, but Go Daddy specifically denies any wrongdoing or infringement, and denies the remainder of the allegations of Paragraph 1.

### The Parties

2. Go Daddy admits that WhitServe is a limited liability company.  Go Daddy is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 2, and accordingly denies the same.

3. Go Daddy admits that it is an Arizona corporation having a principal place of business located at 14455 N. Hayden Road, Suite 219, Scottsdale, Arizona, 85260.

4. Go Daddy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4, and accordingly denies the same.

## Jurisdiction and Venue

5. Go Daddy admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as the Complaint alleges claims for patent infringement, but denies that venue is proper under 28 U.S.C. § 1391(c).

6. Go Daddy denies the allegations contained in Paragraph 6.

7. Go Daddy admits that it maintains the website www.godaddy.com, and admits that the website is available for access by residents of this District, but Go Daddy denies any suggestion or inference that its website is sufficient to confer personal jurisdiction over Go Daddy.

8. Go Daddy denies the allegations contained in Paragraph 8.

9. Go Daddy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9, and accordingly denies the same.

## The Patents

10. Go Daddy admits that U.S. Patent No. 5,895,468 (the "'468 Patent") is titled "System Automating Delivery of Professional Services," and that the '468 Patent states on its face that it issued on April 20, 1999 in the name of Wesley W. Whitmyer, Jr.  Go Daddy is without sufficient information to determine whether WhitServe is the owner of the entire right, title and interest in and to the '468 Patent, and on that basis denies the same.  Go Daddy denies all remaining allegations of Paragraph 10.

11. Go Daddy admits that U.S. Patent No. 6,182,078 (the "'078 Patent") is titled "System for Delivering Professional Services Over The Internet," and that the '078 Patent states on its face that it issued on January 30, 2001 in the name of Wesley W. Whitmyer, Jr.  Go Daddy

is without sufficient information to determine whether WhitServe is the owner of the entire right, title and interest in and to the '078 Patent, and on that basis denies the same. Go Daddy denies all remaining allegations of Paragraph 11.

12. Go Daddy admits that in its Complaint, WhitServe refers to the '468 Patent and the '078 Patent collectively as the "WhitServe patents."

13. Go Daddy denies the allegations contained in Paragraph 13.

14. Go Daddy admits the allegations contained in Paragraph 14, but denies any suggestion or inference that the lawsuit against Computer Packages, Inc. is relevant to WhitServe's claims against Go Daddy, and notes that the Computer Packages, Inc. case is currently on appeal to the Federal Circuit.

**COUNT I – Infringement of the WhitServe Patents**

15. To the extent Paragraph 15 is directed to Go Daddy, Go Daddy denies each and every allegation contained therein. With regard to allegations directed to another defendant, Go Daddy is without sufficient knowledge or information to admit or deny the allegations of Paragraph 15, and accordingly denies the same.

16. Go Daddy admits that it maintains the website www.godaddy.com and offers products and services for sale through its website. Go Daddy denies the remaining allegations of Paragraph 16.

17. Go Daddy admits that under some circumstances it accepts payment from customers by credit card or PayPal account. Go Daddy denies the remaining allegations of Paragraph 17.

18. Go Daddy denies the allegations contained in Paragraph 18.

19. Go Daddy denies the allegations contained in Paragraph 19.

20. Go Daddy denies the allegations contained in Paragraph 20.

21. Go Daddy denies the allegations contained in Paragraph 21.

22. Go Daddy denies the allegations contained in Paragraph 22.

23. Go Daddy denies the allegations contained in Paragraph 23.

24. Go Daddy denies the allegations contained in Paragraph 24.

25. Go Daddy denies the allegations contained in Paragraph 25.

26. Go Daddy denies the allegations contained in Paragraph 26.

27. Go Daddy denies the allegations contained in Paragraph 27.

28. Go Daddy denies the allegations contained in Paragraph 28.

29. Go Daddy denies the allegations contained in Paragraph 29.

30. Go Daddy denies the allegations contained in Paragraph 30.

31. Go Daddy denies the allegations contained in Paragraph 31.

32. Go Daddy denies the allegations contained in Paragraph 32.

33. Go Daddy denies the allegations contained in Paragraph 33.

34. Go Daddy denies the allegations contained in Paragraph 34.

35. Go Daddy denies the allegations contained in Paragraph 35.

36. Go Daddy denies the allegations contained in Paragraph 36.

37. Go Daddy denies the allegations contained in Paragraph 37.

38. Go Daddy denies the allegations contained in Paragraph 38.

39. Go Daddy denies the allegations contained in Paragraph 39.

40. Go Daddy denies the allegations contained in Paragraph 40.

41. Go Daddy denies the allegations contained in Paragraph 41.

42. Go Daddy denies the allegations contained in Paragraph 42.

43. Go Daddy denies the allegations contained in Paragraph 43.

44. Go Daddy denies the allegations contained in Paragraph 44.

45. Go Daddy denies the allegations contained in Paragraph 45.

46. Go Daddy denies the allegations contained in Paragraph 46.

47. Go Daddy denies the allegations contained in Paragraph 47.

48. Go Daddy denies the allegations contained in Paragraph 48.

49. Go Daddy denies the allegations contained in Paragraph 49.

50. Go Daddy denies the allegations contained in Paragraph 50.

51. Go Daddy denies the allegations contained in Paragraph 51.

52. Go Daddy denies the allegations contained in Paragraph 52.

53. Go Daddy denies the allegations contained in Paragraph 53.

54. Go Daddy denies the allegations contained in Paragraph 54.

55. Go Daddy denies the allegations contained in Paragraph 55.

56. Go Daddy denies the allegations contained in Paragraph 56.

57. With regard to Zygo's maintenance of the web page www.zygo.com, Go Daddy is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57, and accordingly denies the same. Go Daddy denies all remaining allegations contained in Paragraph 57.

58. To the extent Paragraph 58 is directed to Go Daddy, Go Daddy denies each and every allegation contained therein. With regard to allegations directed to another defendant, Go Daddy is without sufficient knowledge or information to admit or deny the allegations of Paragraph 58, and accordingly denies the same.

59. To the extent Paragraph 59 is directed to Go Daddy, Go Daddy denies each and every allegation contained therein. With regard to allegations directed to another defendant, Go Daddy is without sufficient knowledge or information to admit or deny the allegations of Paragraph 59, and accordingly denies the same.

60. To the extent Paragraph 60 is directed to Go Daddy, Go Daddy denies each and every allegation contained therein. With regard to allegations directed to another defendant, Go Daddy is without sufficient knowledge or information to admit or deny the allegations of Paragraph 60, and accordingly denies the same.

### Prayer for Relief

To the extent the Prayer for Relief in the Complaint is directed to or against Go Daddy, Go Daddy denies that Plaintiff is entitled to any relief on its Complaint or otherwise. Go Daddy is without sufficient knowledge or information to admit or deny the Prayer for Relief as to another defendant, and accordingly denies the same.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense – Non-Infringement

Go Daddy does not infringe, and at all times relevant to this action, has not infringed any valid and enforceable claim of the '468 Patent or the '078 Patent (collectively "The Patents"), whether directly or indirectly, literally or pursuant to the doctrine of equivalents.

#### Second Affirmative Defense - Invalidity

The Patents, including all of the claims, are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and 112.

#### Third Affirmative Defense – Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

#### Fourth Affirmative Defense – Laches

Plaintiff's claims for infringement of The Patents are barred in whole or in part by the equitable doctrine of laches.

**Fifth Affirmative Defense – Prosecution History Estoppel**

Plaintiff is estopped, by reason of the prosecution of the applications that ultimately issued as The Patents before the United States Patent and Trademark Office, to assert for each of The Patents a claim construction that would cause the patent to cover or to include any product or service provided by Go Daddy.

**Sixth Affirmative Defense – Unclean Hands**

Plaintiff's claims for infringement of The Patents are barred in whole or in part by the equitable doctrine of unclean hands.

**Seventh Affirmative Defense – Failure to Mark**

Plaintiff's claims are barred in whole or in part by failure to mark pursuant to 35 U.S.C. § 287.

**Eighth Affirmative Defense – Limitation on Damages**

Plaintiff's claims are barred in whole or in part pursuant to the limitations period of 35 U.S.C. § 286.

**Ninth Affirmative Defense – Patent Misuse**

The Patents are unenforceable, in whole or in part, based on the doctrine of patent misuse.

**COUNTERCLAIMS**

1. Go Daddy files the following Counterclaims against WhitServe, and upon information and belief, states and alleges as follows:

**The Parties**

2. Defendant and Counter-Plaintiff Go Daddy.com, Inc. ("Go Daddy") is an Arizona corporation with a principal place of business located at 14455 N. Hayden Road, Suite 219, Scottsdale, Arizona, 85260.

3. Upon information and belief, Plaintiff and Counter-Defendant WhitServe, LLC ("WhitServe") is a Connecticut limited liability company, with a principal place of business located at 986 Bedford Street, Stamford, Connecticut 06905.

## Jurisdiction and Venue

4. Subject to Go Daddy's affirmative defenses and denials, Go Daddy alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201 and 2202, and venue for these Counterclaims is proper in this district.

5. While Go Daddy does not believe sufficient minimum contacts exist for purposes of jurisdiction over Go Daddy in this matter, Go Daddy submits this Counterclaim for the limited purpose of resolving the claims brought by WhitServe, and addressing Go Daddy's compulsory counterclaims related directly thereto. By bringing its compulsory counterclaims, Go Daddy does not waive any future argument that personal jurisdiction is not proper in this forum.

6. This Court has personal jurisdiction over WhitServe.

## Factual Background

7. In its Complaint, WhitServe asserts that Go Daddy has infringed U.S. Patent Nos. 5,895,468 and 6,182,078 (collectively "The Patents").

8. Upon information and belief, The Patents are invalid and unenforceable.

9. Further, Go Daddy does not infringe, and at all times has not infringed, any valid or enforceable claim of The Patents.

10. Thus, there is an actual case or controversy between the parties over the non-infringement, invalidity and/or unenforceability of The Patents.

### COUNT I:  Invalidity of U.S. Patent No. 5,895,468

11. Go Daddy reincorporates and realleges Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

12. Upon information and belief, the '468 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112.

### COUNT II:  Invalidity of U.S. Patent No. 6,182,078

13. Go Daddy reincorporates and realleges Paragraphs 1-12 of these Counterclaims as if fully set forth herein.

14. Upon information and belief, the '078 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112.

### COUNT III:  Non-Infringement of U.S. Patent No. 5,895,468

15. Go Daddy reincorporates and realleges Paragraphs 1-14 of these Counterclaims as if fully set forth herein.

16. Go Daddy does not infringe, and at all times has not infringed, contributed to infringement or induced infringement of any valid or enforceable claim of the '468 Patent, whether literally or under the doctrine of equivalents.

### COUNT IV:  Non-Infringement of U.S. Patent No. 6,182,078

17. Go Daddy reincorporates and realleges Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

18. Go Daddy does not infringe, and at all times has not infringed, contributed to infringement or induced infringement of any valid or enforceable claim of the '078 Patent, whether literally or under the doctrine of equivalents.

## Prayer for Relief

WHEREFORE, Go Daddy respectfully requests:

A.  WhitServe's Complaint against Go Daddy be dismissed with prejudice and WhitServe take nothing by way of this action;

B.  Judgment be entered in favor of Go Daddy against WhitServe declaring that The Patents are invalid;

C.  Judgment be entered in favor of Go Daddy against WhitServe declaring that Go Daddy does not infringe upon The Patents;

D.  Judgment be entered enjoining WhitServe, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with it, from asserting or attempting to enforce The Patents against Go Daddy or its customers;

E.  Judgment be entered in favor of Go Daddy against WhitServe finding that this is an exceptional case based on WhitServe's conduct and that Go Daddy is entitled to recover its attorneys' fees and costs under 35 U.S.C. § 285; and

F.  Go Daddy be awarded all other and further relief this Court deems just and proper.

Respectfully submitted this 12th day of August, 2011.

**BALLARD SPAHR LLP**

By: */s/ Brian W. LaCorte*
Brian W. LaCorte (Federal Bar No. phv04864)
lacorteb@ballardspahr.com
Donna H. Catalfio (Federal Bar No. phv04865)
catalfiod@ballardspahr.com
Andrea L. Stone (Federal Bar No. phv04866)
stonea@ballardspahr.com
One East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: (602) 798-5449
Facsimile: (602) 798-5595

**MURTHA CULLINA LLP**

Elizabeth J. Stewart  (Federal Bar No. ct01316)
estewart@murthalaw.com
Whitney Grove Square
2 Whitney Avenue
New Haven, CT 06510
Telephone: 203-772-7710
Facsimile: 860-240-5928

*Attorneys for Defendant and Counter-Plaintiff
GoDaddy.com, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5(c) on this 12th day of August, 2011.

>   */s*: *Brian W. LaCorte*
>   Brian W. LaCorte