IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------- x
                                                           :
WhitServe LLC,                                             :   Civil Action No. 3:11-cv-00948-JCH
                                                           :
              Plaintiff,                           :
                                                           :
v.                                                         :   JURY DEMAND
                                                           :
GoDaddy.com, Inc.; and                                     :
Zygo Corp.,                                                :
                                                           :
              Defendants.                          :
                                                           :   August 12, 2011
---------------------------------------------------------- x

**DEFENDANT ZYGO CORP.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

**I.    INTRODUCTION.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Zygo Corp. ("Zygo") respectfully moves to dismiss Plaintiff WhitServe LLC's ("WhitServe") Complaint for failure to state a claim upon which relief may be granted.

In its Complaint, WhitServe fails to identify the most basic facts about its infringement allegations against Zygo. WhitServe does not identify which patent claims are allegedly infringed. WhitServe does not specify what actions taken by Zygo result in infringement. In the sixty-paragraph Complaint there is only a single allegation directed to Zygo – that Zygo "uses" infringing products to maintain its web page (Complaint, Paragraph 57). That allegation is

conclusory and based on unwarranted inferences of fact. Such allegations are insufficient to support a patent infringement claim.

The Supreme Court recently clarified in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*, that a complaint must allege sufficient facts to establish a plausible claim. Bare and conclusory allegations are simply insufficient to state a claim under the Federal Rules. WhitServe's Complaint is exactly the type of pleading that the Supreme Court has found impermissible. And because the indisputable facts demonstrate that Zygo does <u>not</u> "use" any of the allegedly infringing system, amendment would be futile. Thus, amendment by WhitServe will not cure its problems with stating a claim against Zygo.

**II.   BACKGROUND.**

    *A*.   ***WhitServe's Allegations Concerning the Patents-in-Suit.***

There are two patents asserted in this case: (i) U.S. Patent No. 5,895,468 ("the '468 Patent"); and (ii) U.S. Patent No. 6,182,078 ("the '078 Patent") (collectively, the "patents-in-suit"). The '468 Patent and '078 Patent are part of the same family of patents – the '468 Patent is the parent of the '078 Patent.

The patents-in-suit generally relate to a system and method for "automatically delivering professional services to a client." (*See* Complaint, Paragraphs 10-11, and the '078 and '468 Patents attached as Exhs. A and B hereto.) Together the patents contain eight independent claims – six system or device claims, and two method claims.

The broadest system claim asserted by WhitServe describes a system comprising, in part, "a database containing a plurality of client reminders, each of the client reminders comprising a

date field having a value attributed thereto" and "software ... for automatically querying said database by the values attributed to each client reminder date field to retrieve a client reminder." (*See* Complaint generally and the '078 Patent attached hereto at Exh. A, Claim 1).

Likewise, the broadest method claim WhitServe seeks to enforce comprises the steps of "providing a database containing a plurality of client reminders, each of the client reminders including a date field having a value attributed thereto; querying said database by the values attributed to each client reminder date field to retrieve a client reminder; generating a form from the retrieved client reminder; establishing a communication link between said computer and the Internet; and transmitting said form through said communication link." (*See* Complaint generally and the '078 Patent attached hereto at Exh. A, Claim 9).

WhitServe alleges that GoDaddy.com, Inc.'s ("Go Daddy") system for sending email reminders of upcoming deadlines to renew expiring domains (the "accused system") infringes the patents-in-suit. Go Daddy denies any such claim. Zygo, on the other hand, is in the business of designing high-end optical systems and components for metrology applications. Nothing Zygo makes or sells is accused of infringement in this case. WhitServe named Zygo as a defendant in this case merely because Zygo is a Go Daddy domain name customer.

**B.     *Go Daddy's Domain Registration and Renewal System.***

Go Daddy is an ICANN-accredited domain registrar. Thus, among other products and services, Go Daddy sells domain registrations. The registration process is simple. A customer searches for a particular domain he or she would like to register to see if it is available. If the domain is available, the customer selects certain criteria for the domain registration, such as the

length of the registration.  After making his or her selections, the customer enters his or her payment information and the registration process is completed.

Important for the purpose of this motion, *WhitServe does not allege that the customer signs up to receive domain renewal notifications via email or the Internet*.  WhitServe does not allege that Go Daddy asks the customer for permission to contact it with renewal notices via e-mail or the Internet.  And *WhitServe does not allege that the customer takes any affirmative action to trigger the sending or receipt of email renewal notices.*

C. *WhitServe's Allegations as to Zygo*.

WhitServe filed its Complaint on June 14, 2011 against Go Daddy and Zygo. WhitServe's inclusion of Zygo is an apparent attempt to strengthen WhitServe's position that venue is proper in this Court.  Go Daddy is an Arizona corporation that does not own any property or have any offices or employees in Connecticut.  Zygo, on the other hand, is a Connecticut-based company.

While WhitServe's Complaint consists of sixty (60) allegations, *only one of these allegations* is directed to Zygo.  WhitServe devotes almost the entirety of its complaint to specific allegations directed at Go Daddy.  WhitServe provides element-by-element assertions as to Go Daddy's email renewal notification system and how it allegedly infringes numerous patent claims.  It is not until Paragraph 57 of the Complaint that WhitServe makes its sole allegation specific to Zygo.  This paragraph reads:

> On information and belief, Zygo maintains the web page www.Zygo.com.  On information and belief, Zygo infringes one or more claims of the WhitServe

4

>   patents because it has used and continues to use GoDaddy's infringing products and services to maintain its web page.

(Complaint, Paragraph 57).  Such a bare accusation that Zygo "uses" the accused system is entirely insufficient to support a claim.

## III.  ARGUMENT.

### A.  Under Twombly and Iqbal, Rule 8 Requires a Plaintiff to Plead Specific Facts to State a Claim for Relief that is Plausible on its Face.

Dismissal is required under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) ("Rule 8").  While it does not require pleading with particularity, Rule 8 does require that the accused defendant be given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In *Twombly*, the Supreme Court clarified the pleading standard and ended the prior widespread practice of pleading with only boilerplate and conclusory allegations.  In so doing, the Supreme Court rejected its previous pronouncement that a complaint could not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561-63.  Thus, to survive a motion to dismiss, a plaintiff must now plead facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570.  As explained by the Supreme Court:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests . . . . Rule 8(a) contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it.

*Id.* at 555 n.3 (citations omitted).

In *Iqbal*, the Supreme Court made it clear that the plausibility standard set forth in *Twombly* applies in all civil actions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). The Supreme Court re-emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. In order to comply with Rule 8, a plaintiff must plead "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Therefore, a pleading that contains nothing more than "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. WhitServe Fails to State a Claim Plausible on Its Face Against Zygo.

As discussed above, only Paragraph 57 of WhitServe's sixty-paragraph Complaint purports to state a claim against Zygo.[1] This paragraph merely alleges that Zygo "uses" the

---

[1] At paragraph 15 of the Complaint, WhitServe alleges that "defendants have been and still are directly infringing, contributing to and/or inducing the infringement of the WhitServe patents pursuant to 35 U.S.C. § 271 *et seq.* by making, selling, offering for sale, importing, supplying, supplying a component of, causing the supply of a component of, importing the product of and/or using services and related products and/or services without the authorization of WhitServe." This allegation merely recites each and every conceivable element that could

accused system.[2] WhitServe does not identify which of the "one or more claims of the WhitServe patents" Zygo allegedly infringes. WhitServe does not specify how maintenance of Zygo's web page constitutes infringement of an email renewal notification system. And WhitServe does not specify how maintenance of a web page results in Zygo's "use" of that system. WhitServe merely recites a boilerplate legal conclusion that Zygo "uses" allegedly infringing products and services.

To the extent WhitServe attempts to characterize its "use" allegation as a factual one, such a characterization is incorrect. Whether a defendant's actions amount to use of a system is a question of law. *Centillion Data Systems, LLC v. Qwest Communications Int'l, Inc.*, 631 F.3d 1279, 1285 (Fed. Cir. 2011) (holding certain operations constitute "use" as a matter of law).

But even if it were considered a factual allegation, it is not enough. In addition to conclusory allegations of law, unwarranted inferences of fact are insufficient to support a claim. *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 315-18 (1990)). WhitServe's allegation that Zygo "uses" the accused system is such an unwarranted inference. WhitServe does not state how maintenance of a web page amounts necessarily to "use" of the accused domain renewal system. WhitServe jumps from the simple assertion that Zygo maintains a web

---

support a cause of action for patent infringement. Little to no analysis is necessary to determine this allegation is insufficient to state a claim against Zygo.

[2] Clearly there is no basis for WhitServe to allege that Zygo commits any of the other acts defined as infringing in 35 U.S.C. § 271. WhitServe well knows that Zygo does not make, sell, offer to sale or import the accused email renewal notification system.

site at a domain Zygo registered with Go Daddy, to a conclusory position that Zygo therefore uses the accused renewal notification system, without ever stating how the two are related.

Finally, if there is any remaining doubt that WhitServe's sole allegation against Zygo is insufficient, the following demonstrates that the indisputable facts prove Zygo does not "use" the accused system as a matter of law.

### C. WhitServe's Complaint Against Zygo Must be Dismissed Without Opportunity to Amend Because Amendment Would be Futile.

Under Second Circuit law,[3] dismissal with prejudice is appropriate when it is clear that the complaint cannot be saved by amendment – in other words, when the amendment is futile. *McCracken v. Brookhaven Science Associates, LLC,* 376 Fed. Appx. 138 (2d Cir. May 12, 2010) (district court's denial of leave to amend and of motion for reconsideration of its final order dismissing complaint was not abuse of discretion where plaintiff would have been unable to state a claim even if granted leave to amend); s*ee also Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346 (Fed. Cir. 2011) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (affirming district court's dismissal of plaintiff's complaint without leave to amend because the web site excerpts provided by the defendant were clear and unambiguous on their face and demonstrated that the complaint could not be saved by further amendment). Amendment would be futile here because the indisputable facts demonstrate Zygo does not "use"

---

[3] The Federal Circuit applies the law of the jurisdiction to determine if dismissal of a complaint without leave to amend is an error. *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346 (Fed. Cir. 2011) (applying Ninth Circuit law in patent false marking case).

the accused system as a matter of law. There are no facts – *none* – that WhitServe could plead otherwise.

The analysis here is straightforward. It requires only basic consideration of WhitServe's alleged claims language in comparison to the very limited actions taken by Zygo with respect to becoming a Go Daddy customer, let alone its minimal interaction with the accused email renewal notification system. Because the analysis for infringement of method claims and system or device claims differ, and the patents-in-suit include both, they are addressed separately below.[4]

### 1. Method Claims.

The Supreme Court has defined "use" under Section 271(a) to be a "comprehensive term [that] embraces within its meaning the right to put into service any given invention." *Bauer & Cie v. O'Donnell*, 229 U.S. 1 (1913). The Federal Circuit[5] has followed the Supreme Court's lead and given the term "use" broad interpretation. *E.g., Roche Prods., Inc. v. Bolar Pharm. Co.*, 733 F.2d 858, 863 (Fed. Cir. 1984).

Despite this broad interpretation, courts consistently have held that a method claim is not used or infringed **unless all of the steps of the claimed method are utilized.** *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1317-18 (Fed. Cir. 2005) (holding a method or process

---

[4] This motion addresses independent claims only because "one who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim." *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

[5] Federal Circuit law governs issues of substantive patent law and also with respect to certain procedural issues pertaining to patent law, while the law of the regional circuits governs non-patent issues. *Midwest Indus., Inc. v. Karavan Trailers, Inc.* 175 F.3d 1356, 1359 (Fed. Cir. 1999) (en banc).

cannot be "used" within the United States as required by § 271(a) unless each of the steps is performed within this country);  s*ee also BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007) ("For process patent or method patent claims, infringement occurs when a party performs all of the steps of the process").

The method claims asserted by WhitServe in the Complaint recite a number of steps, ***none of which are performed by Zygo.*** (*See* Complaint generally, and the '078 and '468 Patents attached as Exhs. A and B.)  Turning to the broadest method claim – claim 9 of the '078 Patent – WhitServe does not allege that Zygo provides a computer or a database containing a plurality of client reminders, each of the client reminders including a date field having a value attributed thereto.  WhitServe does not allege that Zygo queries any database by values attributed to each client reminder date field to retrieve a client reminder.  WhitServe does not allege that Zygo generates a client reminder form.  And finally, while Zygo may have a link to the Internet, WhitServe does not allege that Zygo transmits any client reminder notices or forms through a communication link to the Internet in connection with its domain name account.  Moreover, as evidenced by its website, www.zygo.com, Zygo sells metrology and optics products; it does not sell services that expire or otherwise require renewal.  Nothing about Zygo's business suggests that it performs any one of the steps outlined above.

The bottom line is that Zygo does not perform a *single* step claimed in the method claims, much less *all* of the steps as required to allege use.  WhitServe therefore cannot state a claim that Zygo has used the method claims of the patents-in-suit.  *NTP*, 418 F.3d at 1318 (finding, as a

10

matter of law, the claimed methods could not be infringed by use of the defendant's system because one of the recited steps took place outside of the United States).

### 2. System or Device Claims.

The Federal Circuit recently clarified what constitutes "use" of system or device claims under § 271(a) in *Centillion Data Systems, LLC v. Qwest Communications International, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011). In that case, the patent owner alleged infringement of a patent claiming a system for collecting, processing and delivering information from a service provider, such as a telephone company, to a customer. *Id.* at 1280. The patent owner conceded that the system claims included both a back-end system maintained by the service provider (i.e., a device for storage of transaction records, a device for generating summary reports, and a device for transferring summary reports and transaction records to a customer), and a front-end system maintained by the customer (i.e., a personal computer for processing summary reports and transaction records transferred from the service provider to the customer). *Id.* at 1281.

At issue in *Centillion* was who "used" the accused system – the service provider (Qwest), the customer, or both. The district court held that neither Qwest nor its customers "used" the patented system under § 271(a), and granted the defendants summary judgment on non-infringement. The patent owner appealed. *Id.* at 1282.

On appeal, the Federal Circuit found the district court erred by requiring a party to exercise physical or direct control over each individual element of a claimed system in order to "use" the system. *Id.* at 1282. Relying on its previous decision in *NTP*, the Federal Circuit held that "control" requires the ability to place the system as a whole into service, and includes

11

situations in which the customer remotely controls the system by transmitting a message. *Id.* at 1284. Thus "to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e., **control the system as a whole and obtain benefit from it***." *Id.* (emphasis added).

The Federal Circuit in *Centillion* analyzed the two specific operations at issue in the case and analyzed whether the customer "used" the claimed system. One alleged "use" consisted of an "on-demand" operation where the customer creates and enters a query at his or her personal computer seeking certain results and transmits this query to Qwest's back-end. The Federal Circuit found this operation was "use" of the claimed system as a matter of law because the customer's query caused the back-end process to work for its intended process and return a result, a result over which the customer could exercise additional processing as required by the claim. "If the user did not make the request, then the back-end processing would not be put into service." *Id.* at 1285. By causing the system as a whole to perform, and obtaining the benefit of the result, Qwest's customers had "used" the system under § 271(a). *Id.*

The other operation allowed users to subscribe to a specific type of electronic billing reports on a monthly basis. The customer had to sign up for electronic billing in order to receive it, and thereafter, Qwest's back-end would generate monthly electronic reports and make them available to the customer. Again, the Federal Circuit found this amounted to "use" of the claimed system as a matter of law. "By subscribing a single time, the user causes the back-end processing to perform its function on a monthly basis." The Federal Circuit relied on the fact that the back-end processing was performed *in response to a customer demand*. *Id*.

The same cannot be said here.  Go Daddy's customers do not control or initiate any email renewal notifications they receive from Go Daddy.  (*See* Exh. D, Affidavit of Stielau, Paragraph 4.)[6]  Go Daddy's customers do not sign up for or subscribe specifically to the email renewal notification system.  (*See* Exh. C, Affidavit of Hostetler, Paragraphs 3 and 6, and Exh. D, Affidavit of Stielau, Paragraph 3.)  Go Daddy's customers do not issue any demand or query that causes the accused system to issue an email renewal notification.  (*See* Exh. C, Affidavit of Hostetler, Paragraph 4.)  To repeat: the customer's actions do not trigger operation of the accused email renewal notification system.  (*See* Exh. C, Affidavit of Hostetler, Paragraph 5.)  Accordingly, Zygo cannot be liable for "use" of the claimed system as a matter of law.

Notably, this fact could have been easily verified by WhitServe prior to filing of its Complaint.  WhitServe could have signed up for a domain registration for just $11.99 plus tax, and the registration process would have quickly demonstrated the lack of control a customer has over receiving email renewal notices.

## IV.   CONCLUSION.

WhitServe has failed to plead specific facts to state a claim for relief against Zygo for patent infringement that is plausible on its face.  The only allegations made against Zygo consist of conclusory legal allegations and unwarranted inferences of fact.  Accordingly, WhitServe cannot state a claim against Zygo, and the Complaint should be dismissed.  Leave to amend

---

[6]   With regard to its motion to dismiss, Zygo relies solely on the Complaint and the '078 and '468 Patents, which are referred to in the Complaint.  Zygo relies on the Affidavits of Larry Blythe Hostetler, Jr. and Michael Stielau for the sole purpose of demonstrating that amendment of the Complaint would be futile.

should not be granted because amendment would be futile.  As a matter of law, Zygo does not "use" the accused system.

                                 **DEFENDANT ZYGO CORP.**

                                 By   /s/ Brian W. LaCorte
                                 Brian W. LaCorte (phv04864)
                                 Donna H. Catalfio (phv04865)
                                 Andrea L. Stone (phv04866)
                                 Ballard Spahr LLP
                                 1 East Washington Street
                                 Suite 2300
                                 Phoenix, AZ 85004
                                 Telephone:  602-798-5449
                                 Facsimile:  602-798-5595
                                 Email:  lacorteb@ballardspahr.com

                                 Elizabeth J. Stewart  (ct01316)
                                 Murtha Cullina LLP
                                 Whitney Grove Square
                                 Two Whitney Avenue, 4th Floor
                                 New Haven, CT 06510
                                 Telephone:  203-772-7700
                                 Facsimile:  203-772-7723
                                 Email: estewart@murthalaw.com

                                 Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2011, a true and correct copy of the foregoing Defendant Zygo Corp.'s Memorandum of Law in Support of Its Motion to Dismiss was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Brian W. LaCorte*
Brian W. LaCorte