UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

WhitServe LLC,

    Plaintiff,

v.

GoDaddy.com, Inc.; and
Zygo Corp.,

    Defendants.

---

Civil Action No. 11-cv-00948 JCH

JURY DEMAND

## WHITSERVE'S OPPOSITION TO ZYGO'S MOTION TO DISMISS

Plaintiff WhitServe LLC ("WhitServe") submits its Opposition to Defendant Zygo Corp.'s ("Zygo") Motion to Dismiss for Failure to State a Claim. ("Motion," Dkt. No. 37). For the reasons stated below, Zygo's Motion should be denied.

I.  INTRODUCTION.

WhitServe initiated this lawsuit against Defendants GoDaddy.com, Inc. ("GoDaddy") and Zygo. GoDaddy is a provider of domain name registration products and services ("the Accused Products"). WhitServe alleged in the Complaint that the Accused Products infringe the patents-in-suit, which are directed to systems and methods for automating delivery of professional services. The claims of the patents-in-suit include software elements for generating and sending response forms to customers based on a client reminder. The Complaint provides detailed infringement allegations of 38 claims on a claim-by-claim basis.

The Accused Products are used by GoDaddy's customers such as Zygo to maintain domain name registrations (*e.g.*, www.zygo.com).[1] Domain name registrations must be renewed periodically, typically each year. As alleged in the Complaint and evidenced by the exhibits thereto, after customers such as Zygo register a domain name through GoDaddy, the Accused Products send reminders regarding upcoming deadlines and to obtain renewal instructions. These reminders may take the form of emails that allow a customer to quickly and easily instruct GoDaddy to renew an expiring domain name. WhitServe has served discovery requests on Zygo directed to the use and operation of the Accused Products and anticipates that Zygo's responses will evidence its infringement.

## II.  THE LEGAL STANDARD.

Zygo has moved to dismiss WhitServe's claims under Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief can be granted. Under this Rule, a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the factual tale alleged is implausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (citing *Twombly*).

When a claim is challenged under Rule 12(b)(6), a court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleadings in the light most favorable to the non-moving party. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009). This includes construing the pleading liberally in the pleader's favor. *See Kaltenback v Richards*, 464 F.3d 524, 526-7 (5th Cir. 2006). No claim should

---

[1] WhitServe intends to identify additional customers of GoDaddy through discovery in this case.

be dismissed merely because the trial judge disbelieves the allegations or feels that recovery is remote or unlikely. *See Twombly*, 550 U.S. at 555-6.

The burden of proof lies with the moving party. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In fact, a failure by the non-moving party to oppose the motion will not necessarily justify dismissal. *See Goldberg v. Danaher*, 599 F.3d 181, 181-4 (2d Cir. 2010). Further, even where the court doubts that any pleading defects can be overcome, federal policy favoring decisions on the merits, rather than on technicalities, counsels in favor of permitting a plaintiff leave to amend and re-file the pleading at least once prior to entry of judgment. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-4 (4th Cir. 1999).

### III.   ARGUMENT.

WhitServe exceeded its pleading obligations, detailing the infringement by the Accused Products in the 54-page Complaint with claim-by-claim allegations and supporting exhibits. (Dkt. No. 1.) The Complaint pleads factual allegations in detail and Zygo has now admitted its use of the Accused Products. Zygo acknowledges that *Twombly*, on which it relies, stands for the proposition that Rule 8 requires "that the accused defendant be given 'fair notice of what the . . . claim is and the grounds upon which it rests." (Motion at 5.) Zygo has been given fair notice of its infringement with the Accused Products and any argument to the contrary is disingenuous.

Zygo does not contest that the Complaint adequately details infringement by the Accused Products, only that WhitServe's allegations with regard to Zygo's use of the Accused Products are insufficient. Under 35 U.S.C. § 271, "whoever without authority . . . uses . . . any patented invention . . . infringes the patent." Zygo admits in its Motion that WhitServe alleged Zygo's infringing use of the Accused Products. (Motion at 1-2.) WhitServe seeks both monetary damages and injunctive relief against GoDaddy and Zygo to stop their ongoing infringement.

Accordingly, WhitServe has set forth sufficient allegations of Zygo's liability for patent infringement and its entitlement to relief. When all pleaded facts are taken as true, this Court should "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1937. Zygo fails to satisfy its high burden of proof and its Motion to Dismiss should be denied.

### A. The Complaint Details Allegations Of Infringement By Zygo.

Zygo states that "only Paragraph 57 of WhitServe's sixty-paragraph Complaint purports to state a claim against Zygo." (Motion at 6.) WhitServe disagrees. The Complaint details infringement of 38 claims of the patents-in-suit by the Accused Products and then alleges Zygo's use of the Accused Products. Accordingly, all of the allegations of the Complaint apply to Zygo just as much as they apply to GoDaddy.[2] Zygo argues that WhitServe's allegation of use is "conclusory and based on unwarranted inferences of fact." (Motion at 1-2.) First, in responding to Zygo's Motion, all of WhitServe's allegations are to be presumed true and all reasonable doubts and inferences are to be resolved in WhitServe's favor. Second, Zygo has now admitted its use of the Accused Products. (*See* Dkt. 37-4 at 1, "I have knowledge regarding Zygo's renewal of its domain names with GoDaddy.com, Inc."); (*See also* Motion at 9, admitting Zygo's interaction with "accused email renewal notification system").

35 U.S.C. § 271 states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." WhitServe alleges in the Complaint that Zygo is liable for infringement resulting from the Accused Products. Paragraph 15

_____

[2] To the extent that either Defendant will argue it does not directly infringe, the Complaint alleges that they each contribute to and/or induce infringement, (Dkt. No. 1 at ¶ 15), and they would remain jointly liable for each other's infringement.

of the Complaint alleges:

> On information and belief, defendants have been and still are directly infringing, contributing to and/or inducing infringement of the WhitServe patents pursuant to 35 U.S.C. § 271 et seq. by making, selling, offering for sale, importing, supplying, supplying a component of, causing the supply of a component of, importing the product of and/or using services and related products and/or services without the authorization of WhitServe.

Further, Paragraph 57 of the Complaint alleges:

> On information and belief, Zygo maintains the web page www.Zygo.com. On information and belief, Zygo infringes one or more claims of the WhitServe patents because it has used and continues to use GoDaddy's infringing products and services to maintain its web page.

These allegations are supported by over 40 other paragraphs in the Complaint detailing the operation of the Accused Products, which are further supported by 36 pages of exhibits evidencing that operation. Sufficient facts have been plead in this case—facts relating to the infringement of the Accused Products, and facts relating to use of the Accused Products by Zygo. As appreciated by Zygo, *Twombly* "ended the prior widespread practice of pleading with only boilerplate and conclusory allegations." (Motion at 5.) This is not the case here, where WhitServe's detailed Complaint is more than enough to satisfy Rule 8 and put Zygo on notice of its infringement.

To the extent that Zygo argues that amendment to the Complaint would be futile, WhitServe submits that the pleadings are more than sufficient on their face and no amendment is necessary. However, should this Court find otherwise, leave to amend should be liberally granted. *Ostrzenski*, 177 F.3d 245.

      **B.**    **Zygo "Uses" The GoDaddy Renewal Service To Infringe The Patents-In-Suit.**

Zygo attempts to avoid its liability in this case by arguing that it does not "use" the Accused Products as a matter of law. Zygo relies entirely on *Centillion Data Sys. V. Qwest Communications*

*Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011).  However, the Federal Circuit in *Centillion* held "that to 'use' a system for purposes of infringement, a party must put the invention into service." *Id.* at 1284.  Further, it does "not matter that the user [does] not have physical control over the [patented system], the user made them work for their patented purpose, and thus 'used' every element of the system by putting every element collectively into service." *Id*.  Accordingly, *Centillion* found infringement where, "[b]y subscribing a single time, the user causes the back-end processing to perform its function on a monthly basis." *Id*. at 1285.

The situation in *Centillion* was similar to the situation here:  <u>Zygo subscribed to GoDaddy's notification service</u> when it registered a domain name with GoDaddy.  *Centillion* explained that "it is the customer initiated demand for the service which causes the back-end system to generate the requisite reports.  This is 'use' because, <u>but for the customer's actions, the entire system would never have been put into service</u>." *Id*. (emphasis added).  Other district courts have recognized the scope of *Centillion* in deciding motions to dismiss:

> the user need not have physical control over every element of the system. Rather, the end user uses "every element of the system by putting every element collectively into service." Here, Fujitsu's complaint alleges that these end-users used infringing devices and combinations of infringing devices. This is sufficient to plead direct infringement by end-users.

*Fujitsu Ltd. v. Belkin Intern., Inc.*, 2011 WL 1196417, 19 (N.D. Cal. 2011) (quoting *Centillion*) (denying in part motion to dismiss under Rule 12(b)(6)).

WhitServe alleged in the Complaint that Zygo infringes the patents-in-suit at least by using the Accused Products to maintain its website.  Zygo now acknowledges that it uses the Accused Products in this way.  Zygo then tries to differentiate its actions by arguing "Go Daddy's [sic] customers do not control or initiate any email renewal notifications they receive from Go Daddy.  Go Daddy's customers do not sign up for or subscribe specifically to the email renewal notification

system." (Motion at 13.) The operation of GoDaddy's Accused Products is a contested issue of fact. Further, Zygo's affidavit "evidence" is unpersuasive because a GoDaddy customer does not have to subscribe <u>specifically</u> to the email notifications to infringe. At most, Zygo here is making some argument regarding specific intent—however, Zygo does not deny that it receives notifications and benefits from the notification system. Therefore, Zygo's claim that it "cannot be liable for 'use' of the claimed system as a matter of law" is erroneous. (Motion at 13.) Zygo "uses" the Accused Products under the law of *Centillion*.

Zygo argues with regard to WhitServe's method claims that "a method claim is not used or infringed unless all of the steps of the claimed method or utilized." (Motion at 9.) However, the very case that Zygo relies upon, *Centillion*, notes otherwise: "one party could be liable for infringement of a method claim even if it did not perform all of the steps. This vicarious liability arises when one party controls or directs the actions of another to perform one or more steps of the method." *Centillion*, 631 F.3d at 1287 (citation omitted). *Centillion* also acknowledges that a customer of software products and services may be liable for "making" an infringing system:

> In order to "make" the system under § 271(a), Qwest would need to combine all of the claim elements—this it does not do. The customer, not Qwest, completes the system by providing the "personal computer data processing means" and installing the client software.

*Centillion*, 631 F.3d at 1288. Finally, to the extent that Zygo only addresses independent claims, this ignores the fact that Zygo and GoDaddy may jointly infringe claims, including dependent claims, regardless of whether or not one infringes an independent claim on its own. As plead in the Complaint, there are multiple theories for infringement for which Zygo is liable that Zygo does not address in its Motion.

The use and operation of the Accused Products is an issue of fact. To the extent that Zygo supports its argument with the carefully crafted language in its affidavit "evidence," WhitServe is

entitled to explore and test the statements made therein through discovery, including through depositions of the affiants. For example, the Affidavit of Larry Hostetler states "Go Daddy customers cannot opt in specifically to Go Daddy's email renewal notifications." (Dkt. No. 37-3 at 2.) However, the qualification of "specifically" opting in is not a requirement for infringement and the affidavit does not deny that Zygo received, benefited from, or used the accused notification system to renew its domain names. WhitServe need not prove its infringement case here, but intends to do so after it has had an opportunity to take discovery in this case, including the operation of the Accused Products, Zygo's use of the Accused Products, and its relationship and communications with GoDaddy. To this end, WhitServe has served discovery requests on Zygo and anticipates that Zygo's responses will evidence its infringement.[3] However, when all pleaded facts in the Complaint are resolved in WhitServe's favor, Zygo's liability is evident.

IV.   CONCLUSION.

WhitServe has pleaded sufficient facts to support its allegations of infringement by Zygo. In considering Zygo's Motion to Dismiss, these facts should be liberally construed in WhitServe's favor. Zygo's argument that it does not "use" the Accused Products is not only erroneous, but ignores WhitServe's other theories for infringement alleged in the Complaint. Accordingly, there are sufficient bases for this Court to draw a reasonable inference that Zygo is liable for the alleged misconduct. WhitServe has detailed a claim against Zygo on which relief may be granted and Zygo's Motion to Dismiss should be denied.

---

[3] WhitServe has also served discovery requests on GoDaddy. Despite having drafted a detailed Complaint supported by Exhibits evidencing infringement by the accused products, GoDaddy has answered with blanket denials, denying even that it offers its My Renewals service or emails reminders. (*See* Dkt. No. 34 at ¶¶ 16, 17, 50.)

Respectfully submitted,

Date: 9/2/11                      /s/Stephen Ball

Gene S. Winter, ct05137
Stephen Ball, ct28234
Michael J. Kosma, ct27906
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone:     (203) 324-6155
Facsimile:     (203) 327-1096
Email: lit@ssjr.com

ATTORNEYS FOR WHITSERVE LLC

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of September 2011, a true and correct copy of the foregoing **WHITSERVE'S OPPOSITION TO ZYGO'S MOTION TO DISMISS** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Brian W. LaCorte
Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Elizabeth J. Stewart
Murtha Cullina LLP
Whitney Grove Square
Two Whitney Avenue
4th Floor
New Haven, CT 06510

ATTORNEYS FOR GODADDY.COM, INC.

9/2/11
_____
Date

_____
Debbi Simms