UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
                                                               :
**WhitServe LLC,**                                             :
                                                               :
                **Plaintiff,**                   :   Civil Action No. 11-cv-00948 JCH
                                                               :
**v.**                                                         :
                                                               :
**GoDaddy.com, Inc.; and**                                     :   September 9, 2011
**Zygo Corp.,**                                                :
                                                               :
                **Defendants.**                  :
                                                               :
---------------------------------------------------------------x

### 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:              June 14, 2011

Date Complaint Served:

    GoDaddy.com, Inc.:             June 16, 2011

    Zygo Corp.:                    June 23, 2011

Date of Defendant's Appearance:

    GoDaddy.com, Inc.:             June 29, 2011

    Zygo Corp.:                    June 29, 2011

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephone conference was held on August 25, 2011. The participants were:

Stephen Ball and Michael Kosma of St. Onge Steward Johnston & Reens and Patrick Solon of Niro, Haller & Niro for Plaintiff WhitServe LLC (hereinafter "WhitServe"); and Brian LaCorte, Andrea Stone of Ballard Spahr and Ka Fei Wong of Murtha Cullina for Defendants GoDaddy.com, Inc. ("Go Daddy") and Zygo Corp. ("Zygo").

I.    CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   JURISDICTION

   A.   Subject Matter Jurisdiction

This action is for damages and injunctive relief from alleged patent infringement by Defendants and arises under the United States Patent Laws, particularly 35 U.S.C. § 271 *et seq*. Subject matter jurisdiction is based on 28 U.S.C. §§ 1338, 2201 & 2202.

Zygo has not yet filed an Answer.  Zygo has moved to dismiss WhitServe's claims against it for failure to state a claim.  (Dkt. No. 36.)  WhitServe intends to oppose Zygo's motion.

Go Daddy has filed its Answer, (Dkt. No. 34), and has asserted counterclaims against WhitServe for invalidity and noninfringement of the asserted patents.

WhitServe has requested that Go Daddy replead its Answer because WhitServe contends the Answer contains blanket denials that do not fairly respond to WhitServe's allegations and, further, that certain of Go Daddy's counterclaims and affirmative defenses are insufficient pursuant to Fed. R. Civ. P. 12.  WhitServe intends to move to dismiss Go Daddy's counterclaims and strike its affirmative defenses should Go Daddy refuse to replead.

Go Daddy contends that it has substantiated its positions in meet and confer sessions, correspondence and during the instant Rule 26(f) planning meeting that its Answer and

Counterclaim are adequate. Go Daddy contends the problem involves WhitServe's allegations not the responses. Go Daddy contends that WhitServe's allegations concerning Go Daddy's system amount to simply parroting the claims language of the patents-in-suit as a description of the system. Go Daddy contends that it appropriately and specifically denied, paragraph by paragraph, such allegations because Go Daddy contends it does not infringe the patents-in-suit and does not describe its system under such terms. Go Daddy intends to oppose any motion filed by WhitServe attacking its Answer or Counterclaim.

> B.  Personal Jurisdiction

While Go Daddy does not believe sufficient minimum contacts exist for personal jurisdiction over it in this case, Go Daddy has nonetheless answered and filed a compulsory counterclaim against WhitServe, particularly given that WhitServe has named Go Daddy's customer, Zygo, which is in fact subject to personal jurisdiction in this District. Go Daddy submits to this jurisdiction for the limited purpose of resolving WhitServe's claims against it and its customer and to resolve and contention that may be brought against any other Go Daddy customer here on the same patents.

WhitServe contends that Go Daddy transacts and does business in this District by, *inter alia*, having offered for sale, having sold (including to Zygo), continuing to offer for sale, or continuing to sell allegedly infringing products and services in this District. Go Daddy also maintains web pages where it provides information about products and services offered for sale, which are visited by customers and potential customers in this District. WhitServe intends to identify additional Go Daddy customers, including those in Connecticut, through discovery in this case, and may add defendants to the Complaint. Go Daddy objects to WhitServe using subpoenas of customers to obtain information that is irrelevant at this point as to Go Daddy's

customers until the Court rules on the pending motion to dismiss Zygo.

WhitServe contends that venue is proper with regard to Go Daddy because it has submitted itself to jurisdiction in this District by the transaction of business outlined in the paragraph above, and through specific contacts and/or systematic and continuous contacts with this District. Go Daddy contends that venue would be more convenient in the District of Arizona and would therefore be more appropriate in that forum. WhitServe disagrees and would oppose any change of venue.

WhitServe contends that venue is proper with regard to Zygo because it is a Connecticut entity headquartered in this District and has submitted itself to personal jurisdiction in this District.

III.  BRIEF DESCRIPTION OF CASE

   A.  Claims of Plaintiff:

WhitServe is the owner of the entire right, title and interest in and to United States Patent No. 5,895,468 ("the '468 patent"), entitled "System Automating Delivery Of Professional Services," which was duly and legally issued by the United States Patent and Trademark Office on April 20, 1999 in the name of the inventor, Wesley W. Whitmyer, Jr.

WhitServe is also the owner of the entire right, title and interest in and to United States Patent No. 6,182,078 ("the '078 patent"), entitled "System For Delivering Professional Services Over The Internet," which was duly and legally issued by the United States Patent and Trademark Office on January 30, 2001 in the name of the inventor, Wesley W. Whitmyer, Jr.

The '468 and '078 patents are collectively referred to herein as the "WhitServe patents" or the "Patents."

WhitServe alleges that Defendants have been and still are directly infringing, contributing

to and/or inducing infringement of the WhitServe patents pursuant to 35 U.S.C. § 271 *et seq.* by making, selling, offering for sale, importing, supplying, supplying a component of, causing the supply of a component of, importing the product of and/or using services and related products and/or services without the authorization of WhitServe.

Go Daddy's products and services include domain name payment and management services through its website www.GoDaddy.com and its My renewals service. WhitServe alleges that Go Daddy's products and services infringe one or more claims of the WhitServe patents.

Zygo maintains the website www.Zygo.com.  WhitServe alleges that Zygo infringes one or more claims of the WhitServe patents at least by using Go Daddy's infringing products and services to maintain its website.

Each of the Defendants has been given notice of the WhitServe patents at least by the filing of the Complaint and has continued to infringe these patents in willful disregard of WhitServe's patent rights. WhitServe alleges that Defendants' willful disregard of WhitServe's rights makes this case exceptional under 35 U.S.C. § 285.  WhitServe alleges that it has been damaged by Defendants' infringement of the WhitServe patents and claims all damages including, but not limited to, all lost profits and/or reasonable royalties.  WhitServe alleges that its harm resulting from the infringing acts of Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless enjoined by this Court.

WhitServe seeks a preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further infringement of the WhitServe patents.  WhitServe seeks its damages suffered

5

by Defendants' infringement, including an accounting of all continuing damages. WhitServe further seeks prejudgment and post judgment interest, enhanced damages pursuant to 35 U.S.C. § 284, a determination that this is an exceptional case pursuant to 35 U.S.C. § 285, its attorneys' fees and costs, and any other and further relief that this Court may deem just and proper or otherwise permitted by law.

   B.   Defenses and Counterclaims, Third Party Claims, Cross Claims of Defendants:

      1.   **GoDaddy.com, Inc.**

Go Daddy contends that it does not infringe, and at all times relevant to this action, has not infringed any valid and enforceable claim of the Patents, whether directly or indirectly, literally or pursuant to the doctrine of equivalents. Go Daddy further contends that the Patents are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and 112.

Go Daddy further contends that WhitServe's claims for infringement are barred in whole or in part by the equitable doctrine of laches, that WhitServe is estopped by reason of file history estoppel, that the claims for infringement are barred in whole or in part by the equitable doctrine of unclean hands or for failure to mark pursuant to 35 U.S.C. § 287, and that the claims are barred in whole or in part pursuant to the doctrine of patent misuse or the limitations period of 35 U.S.C. § 286.

Go Daddy strongly contests any damages asserted by WhitServe in this case, and contends that WhitServe's expected damages model here is in fact the subject of an appeal before the Federal Circuit in Case Nos. 2011-1206, 2011-1261. Go Daddy contends that the decision by the Federal Circuit as to WhitServe's damages theory will be significant as to this matter.

2. **Zygo Corp.**

Zygo has filed a motion to dismiss for failure to state a claim. Zygo contends that in WhitServe's sixty-paragraph Complaint, there is only a single allegation directed to Zygo – that Zygo "uses" infringing products to maintain its web page (Complaint, Paragraph 57). Zygo contends that the allegation is conclusory and based on unwarranted inferences of fact that are insufficient to support a patent infringement claim. Zygo claims that it does not and cannot infringe the Patents as it does not "use" the system in a way that can constitute infringement. Zygo contends that it does not perform a single step claimed in the method claims of the Patents nor does it control or initiate any email renewal notifications received from Go Daddy sufficient to establish use for infringement.

    C.    <u>Defenses and Claims of Third Party Defendants</u>:
        Not applicable.

IV.    <u>STATEMENT OF UNDISPUTED FACTS</u>

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Go Daddy is an Arizona corporation having a principal place of business located at 14455 N. Hayden Road, Suite 219, Scottsdale, Arizona, 85260.
2. Go Daddy maintains the website www.godaddy.com, and admits that the website is available for access by residents of this District.
3. The Go Daddy Website includes information about products and services offered for sale by Go Daddy.
4. Zygo's headquarters are located in Connecticut.

5. Zygo maintains the web page www.Zygo.com ("Zygo Website").

6. WhitServe is a Connecticut corporation with its headquarters located in Connecticut.

7. Those other facts that will be admitted in the pleadings.

V. CASE MANAGEMENT PLAN:

A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as listed in the following paragraphs:

| | |
|---|---|
| Initial Disclosures: | September 16, 2011 |
| Motions to amend/joinder: | November 14, 2011 October 31, 2011 |
| Motions to dismiss: | November 28, 2011 |
| Commencement of discovery: | Date of 26(f) conference |
| Completion of fact discovery: | November 14, 2012 |
| Completion of expert discovery: | February 14, 2013 |
| Dispositive motions: | March 11, 2013 |
| Filing of Joint Trial Memorandum: | September 11, 2013 or sixty (60) days after the Court rules on dispositive motions, whichever is later. |

B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. Early Settlement Conference

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

1. The parties do not currently request an early settlement conference.

   2.  The parties do not currently request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

 D.  Initial Disclosures

The parties shall have until September 16, 2011 to serve their Initial Disclosures pursuant to Fed R. Civ. P. 26(a)(1).

 E.  Joinder of Parties, Amendment of Pleadings and Motions to Dismiss

   1.  Plaintiff has until October 31, 2011 to file motions to join additional parties and to file motions to amend the pleadings.

   2.  Defendant(s) have until November 14, 2011 to file motions to join additional parties and to file a response to any amended complaint.

   3.  The parties have until November 28, 2011 to file motions to dismiss.

 F.  Discovery

   1.  **Subject Matter:**

The parties anticipate that discovery will be needed on the following subjects:

WhitServe anticipates that discovery will be needed on the issues of infringement and damages, including but not limited to a) All facts and circumstances pertaining to the design and operation of Go Daddy's accused products and services; b) All facts and circumstances pertaining to the sale, offer for sale, and use of Go Daddy's accused products and services; c) All facts and circumstances pertaining to Go Daddy's customers; d) All facts and circumstances pertaining to Go Daddy's profits and revenues; e) All facts and circumstances pertaining to Zygo's maintenance of its websites; f) All facts and circumstances pertaining to Defendants' contention that the WhitServe patents are invalid and/or unenforceable; g) All facts and circumstances pertaining to Defendants' knowledge of the WhitServe patents, including any

legal advice sought on infringement and communications among themselves and third parties regarding WhitServe's patent rights over which there is no applicable privilege or for which privilege has been waived; h) Any insurance policies insuring Defendants against a loss in this case; i) Defendants' financial ability to satisfy a judgment in this matter. The foregoing list is not meant to be exhaustive, and WhitServe reserves the right to discover additional subjects as the case progresses.

Defendants anticipate that discovery will be needed on the issues of prosecution of the Patents, all discoverable communications and opinions concerning the Patents by WhitServe's present counsel who was apparently involved in the prosecution of the Patents as counsel for the inventor, and all matters relating to invalidity, unenforceability and damages, including but not limited to: a) conception and reduction to practice of the alleged inventions; b) prosecution of the Patents and related patent applications; c) features and operation of third party prior art systems and services; d) WhitServe's policies, procedures, and history regarding licensing of patents, including the Patents; e) the basis for WhitServe's infringement allegations against each Defendant and f) the basis for WhitServe's damages and damages model, to the extent it survives the above referenced appeal. The foregoing list is not meant to be exhaustive, and Defendants reserve the right to discover additional subjects as the case progresses.

      2.    **Production in Advance of Protective Order:** The parties anticipate that discovery in this case will require production of confidential, proprietary, or private information and agree to negotiate the terms of a stipulated protective order. The parties will produce documents responsive to discovery requests prior to entry of a stipulated protective order, and counsel agree to treat all such documents produced and labeled "confidential," "highly confidential – attorneys' eyes only," or with a designation of like import, on an outside counsel

eyes only basis until entry of a stipulated protective order.

### 3. Electronically Stored Information:

As to issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced, the parties propose the following:

(a) *Exclusions:* The parties agree that no voicemails, instant messages, and cell phone text messages will be searched for or produced absent a specific request; should a specific request be made, the parties agree that they will meet and confer on the scope of the request in order to try to alleviate the burden on the producing party; to the extent the parties cannot agree on the appropriate scope of such a request, the parties will seek the Court's guidance.

(b) *Metadata:* The parties agree that no metadata (referring to electronic information about a document that does not appear on the face of the original document), audio, or video information will be searched for or produced absent a specific request. Metadata that is reasonably likely to reveal the date, author, or recipient of specific documents that the requesting party identifies as material to a fact or issue in dispute shall be produced upon request of a party. To the extent a request is made for other metadata the parties will discuss the burden to the producing party and try to reach agreement on a case-by-case basis; to the extent the parties cannot agree on the appropriate scope of such a request, the parties will seek the Court's guidance.

(c) *Back-Up Tapes:* The parties agree that materials retained in tape, floppy disk, optical disk or similar formats primarily for disaster recovery purposes should be considered not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.

The parties further agree that archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are not used as reference materials in the ordinary course of a party's business operations (*e.g.*, archives created for disaster recovery purposes or in connection with document holds in litigations other than the present litigation) will not be searched and produced absent a specific request. Should such a request be made, the parties agree that they will meet and confer to discuss whether the requested archives are reasonably likely to contain responsive documents that are unique, or otherwise not duplicative of documents found in those non-archived files that the producing party has otherwise searched for production. The parties will also discuss the burden to the producing party and try to reach agreement on a case-by-case basis; to the extent the parties cannot agree on the appropriate scope of such a request, the parties will seek the Court's guidance.

(d) *Format of ESI Documents:* The parties agree that all documents should be produced as TIFF image files in an electronic format and in a form that is electronically searchable, to the extent the parties maintain such documents in that form. Electronic media alternatively may be produced in native file format. Electronic documents, including any documents produced in native format, will be marked with appropriate production numbers and confidentiality designations, either within such document or upon the medium in which such document is produced.

(e) *Format of Non-ESI Documents:* All data, files, and communications that, in the ordinary course of business, are recorded in other media (*e.g.*, microfiche, paper, etc.) or all data, files, and communications that were created electronically but now exist primarily in non-electronic format or without metadata shall be produced in .tif format with corresponding load

files or in .pdf format. Where the data exists in a format that cannot be contained in .tif or .pdf format, the parties will meet and confer regarding the manner of production.

(f) *Production Media:* Unless otherwise agreed, ESI shall be produced via hard drive, compact disc (CD), digital versatile disc (DVD) media, or File Transfer Protocol (FTP) site. The TIFF images should be produced as a single-page Group IV TIFF format and accompanied by an IPRO LFP load file (or other generally acceptable load file format). Metadata information should be produced in the Concordance DAT file format when produced to Defendants and in the Summation DAT file format when produced to WhitServe.

4. **Inadvertent Disclosure of Privileged Materials:** The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work product protection including procedures of asserting claims of privilege after production. Any party who inadvertently discloses privileged information may assert the privilege for such documentation within thirty (30) days after discovery of the inadvertent production. The party claiming such privilege shall notify the opposing party in writing, including identification of the claimed document(s) by any bates stamp number, the basis for such claim of privilege or protection, and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection. If the parties agree as to the privilege or protection, the receiving party shall immediately return all copies to the producing party or otherwise agree and certify as to its destruction. If the parties do not agree as to the claim of privilege, the non-disclosing party shall segregate the claimed documents from all other materials and treat them on outside counsel eyes only basis, while the producing party may file a motion for in camera review with the Court.

5. **Privilege Log:** Each party will produce a log of documents protected from

discovery by law to the opposing party. The parties will periodically update the log to the extent additional protected documents are discovered. The parties are not required to log documents created after the suit was initiated.

6. **Costs:** Each party will be responsible for the cost of its own discovery production.

7. **Fact Discovery:** Fact discovery will be commenced as of the Rule 26 conference and completed (not propounded) by November 14, 2012.

8. **Phases:** Discovery will not be conducted in phases.

9. **Depositions:** The parties anticipate that each party will require a total of ten (10) depositions of fact witnesses. The parties will coordinate discovery and depositions so that each fact witness will only be deposed once.

10. **Interrogatories:** Each party is limited to twenty-five (25) interrogatories, unless additional interrogatories are authorized by the Court upon a showing of good cause.

11. **Requests for Admissions:** Each party is limited to seventy-five (75) requests for admission, unless additional requests for admission are authorized by the Court upon a showing of good cause.

12. **Expert Witnesses:** The parties intend to call expert witnesses at trial. The party with the burden of proof will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 5, 2012. The party not having the burden of proof will designate all trial experts and provide opposing counsel

with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 15, 2013. These disclosure deadlines shall apply to damages experts as well. Depositions of experts will be completed by February 14, 2013. The parties agree to work in good faith if any scheduling difficulty arises with a given expert. The parties will not seek discovery of an opposing expert's draft reports and communications, including notes reflecting communications between an expert and the party who retained the expert.

13. **Damages Analysis:** A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 5, 2012 and any rebuttal reports will be provided by the opposing party by January 15, 2013.

14. **Service:** Each party will accept service via electronic mail and/or the Court's ECF filing system in addition to the methods expressly provided by the Federal Rules of Civil Procedure. When a party may or must act within a specified time after service and service is made via electronic mail or the Court's ECF filing system, three days will be added after the period would otherwise expire under Federal Rule 6(a), pursuant to Federal Rule 6(d).

    G.    <u>Dispositive Motions</u>

Dispositive motions, if any, will be filed by March 11, 2013.

    H.    <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by September 11, 2013 or sixty (60) days after the entry on the ruling on the last dispositive motion, whichever is later.

VI.     TRIAL READINESS

The case will be ready for trial by November 11, 2013 or sixty (60) days after the filing of the Joint Trial Memorandum, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.


Plaintiff WhitServe LLC
By: /s/Gene S. Winter                           Date: September 9, 2011




Defendant GoDaddy.com, Inc.
By: /s/Brian W. LaCorte                         Date:  September 9, 2011




Defendant Zygo Corp.
By: /s/Brian W. LaCorte                         Date: September 9, 2011