UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WHITSERVE, LLC,<br>     Plaintiff, | : | CIVIL ACTION NO.<br>3:11-CV-948 (JCH) |
| v. | : | |
| GODADDY.COM, INC.<br>     Defendant. | : | NOVEMBER 17, 2011 |

**RULING RE: PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES (Doc. No. 39)**

**I.   INTRODUCTION**

Plaintiff, Whitserve, LLC ("Whitserve), brings this action against GoDaddy.com, Inc. ("GoDaddy.com"), alleging that GoDaddy.com has infringed WhitServe's patents, in violation of 35 U.S.C. § 271, et seq.  GoDaddy.com answered the Complaint and asserted nine affirmative defenses to WhitServe's claims.  In addition, GoDaddy.com asserted four counterclaims against WhitServe.

WhitServe has moved to dismiss two of GoDaddy.com's counterclaims, and to strike six of GoDaddy.com's affirmative defenses.  For the reasons set forth below, WhitServe's Motion is granted in part and denied in part.

**II.   BACKGROUND**

WhitServe's Complaint asserts that GoDaddy.com infringes on two patents owned by WhitServe.[1]  See Compl. at ¶¶10–12, 15.  WhitServe is the owner of the entire right, title, and interest in United States Patents No. 5,895,468 ("the '468 patent")

---

[1] WhitServe originally filed its Complaint against Zygo Corporation as well as GoDaddy.com.  See Doc. No. 1.  On October 19, 2011, WhitServe voluntarily dismissed its claims against Zygo Corp.  See Doc. Nos. 73, 75.

1

and 6,182,078 ("the '078 patent").  See id. at ¶¶ 10–11.  WhitServe alleges that GoDaddy.com infringes both patents in a variety of ways.  See id. at ¶¶ 19–56.

Following a consent Motion for Extension of Time, GoDaddy.com filed a timely Answer on August 12, 2011.  See Doc. No. 34.  In its Answer, GoDaddy.com asserted nine affirmative defenses, including non-infringement, invalidity, failure to state a claim, laches, prosecution history estoppel, unclean hands, failure to mark, limitation on damages, and patent misuse.  See id. at 6–7.  In addition, GoDaddy.com asserted four counterclaims against WhitServe, including invalidity and non-infringement as to both the '078 patent and the '468 patent.  See id. at 9.

## III.   STANDARD OF REVIEW

### A.   Motion to Dismiss

A motion to dismiss for failure to state a claim is a purely procedural question that does not pertain to patent law.  See McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356 (Fed. Cir. 2007).  Consequently, the law of the regional circuit applies.  Id.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations of the claim as true and construes them in a manner favorable to the non-movant.  See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002).  The court must draw all reasonable inferences in the non-movant's favor.  See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

A motion to dismiss for failure to state a claim tests only the adequacy of the Complaint.  See United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).  Bald assertions, and mere conclusions of law, do not suffice to meet pleading obligations.  See Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006).

Instead, a party is obliged to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), rev'd on other grounds sub. nom. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S.Ct. at 1949.

      B.     Motion to Strike Affirmative Defenses

WhitServe argues that the heightened standard for pleading set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 547 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) should apply to its Motion to Strike as well.  See Mem. in Support at 9–10. Though this question is unsettled among courts, this court has previously decided that the heightened pleading standard set forth in Twombly and Iqbal does not apply to a Motion to Strike affirmative defenses.  See Aros v. United Rentals, Inc., 2011 WL 5238829 at *2–3 (D.Conn. Oct. 31, 2011); see also Tyco Fire Prod. LP v. Victaulic Co., 777 F.Supp.2d 893, 898–901 (E.D.Pa. 2011).

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  Motions to strike affirmative defenses are generally disfavored. See, e.g. MTA Metro-North R.R. v. Buchanan Marine, No. 3:05-CV-881-PCD, 2006 WL 3544936 at *3 (D. Conn. Dec. 8, 2006) (citing William Z. Salcer, Panfeld, Edelman v. Envicon Equities, 744 F.2d 935, 938-39 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986)).  Courts in this district have adopted a demanding test for plaintiffs to prevail on a motion to strike affirmative defenses.  "'Plaintiffs must establish that: (1)

there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'" Marshall v. New Horizons, No. 3:08-CV-633-JBA, 2009 WL 2983169 at *1 (D. Conn. Sept. 14, 2009) (quoting MTA Metro-North R.R., 2006 WL 3544936 at *3; see also D'Agostino v. Housing Authority, No. 3:05-CV-1057-PCD, 2006 WL 1821355 at *1 (D. Conn. June 30, 2006).

## IV.   DISCUSSION

### A.   Counterclaims

WhitServe asserts that GoDaddy.com's counterclaims for invalidity should be dismissed pursuant to Rule 12(b)(6). See Mem. in Support of Mot. at 5. In Count One, GoDaddy.com claims that "[u]pon information and believe, the '468 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112." Count Two asserts the same as to the '078 patent. See Answer, Counterclaims at ¶¶ 12, 14. The only factual background that GoDaddy.com asserts in support of these claims is "[u]pon information and belief, [the '468 patent and the '078 patent] are invalid and unenforceable." Id. at ¶ 8.

Although legal conclusions may be used to frame a complaint, those conclusions must be supported by factual allegations in order to survive a motion to dismiss. See Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Both statements regarding invalidity in GoDaddy.com's Complaint are merely legal conclusions. As GoDaddy.com does not assert any facts in support of its claims that the '468 patent and '078 patent are invalid, there is no basis to conclude its claims are in any way plausible. These claims cannot

survive a motion to dismiss. See, e.g., Wireless Ink Corp. v. Facebook, Inc., 787 F.Supp.2d 298, 313 (S.D.N.Y. 2011) (finding that an allegation that "the claims of the . . . patent are invalid and/or unenforceable for failure to meet the conditions of patentability set forth in the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112" is "wholly conclusory and fails to satisfy Rule 8(a)").[2]

### B.  Affirmative Defenses

Next, WhitServe asserts that the court should strike GoDaddy.com's Second, Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses on the grounds that each defense does nothing more than state a legal conclusion. See Mem. in Support of Mot. at 10. Further, WhitServe asserts that there are no facts at issue or questions of law, and that it is prejudiced because the affirmative defenses "fail to provide fair notice" to allow WhitServe to prepare to contest them. See id. at 10. In response, GoDaddy.com asserts that its affirmative defenses "satisfy the notice required by Rule 8(c)." See Mem. in Opp. at 14.

GoDaddy.com has satisfied its obligation, pursuant to Rule 8(c), to "state any . . . affirmative defense." Each affirmative defense clearly states a basis on which GoDaddy.com plans to defend this lawsuit, and provides sufficient notice to WhitServe. Consequently, WhitServe fails to demonstrate prejudice that results from GoDaddy.com's affirmative defenses. In addition, each affirmative defense states a legal reason why WhitServe's claims may fail. Accordingly, questions of law exist and

---

[2] GoDaddy.com cites to a number of cases that allowed similar claims to survive a Motion to Dismiss. In each of these cases, however, the court in part relied on the existence of local rules which required the parties to set forth their claims more specifically in a separate submission. See, e.g., Teirstein v. AGA Med. Corp., 2009 WL 704138, at *4–5 (E.D.Tex. Mar. 16, 2009); Elan Pharma Int'l Ltd. v. Lupin Ltd., 2010 WL 1372316, at *5 (D.N.J. Mar. 31, 2010). While the existence of such Local Patent Rules should not alter pleading standards, see Tyco Fire Prod. LP, 777 F.Supp.2d at 904, the non-existence of such rules in the District of Connecticut serves as a distinction between these cases and the case at hand.

WhitServe has failed to meet its burden.  As a result, the court denies WhitServe's Motion to Strike.

## V.     CONCLUSION

For the foregoing reasons, WhitServe's Motion to Dismiss Counterclaims and Strike Affirmative Defenses (Doc. No. 39) is **GRANTED** with regard to GoDaddy.com's Counterclaims One and Two, and **DENIED** with regard to GoDaddy.com's Second, Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses.  The court permits GoDaddy.com permission, no later than December 1, to file an Amended Counter Complaint to reassert the now-dismissed claims, if it has a legal and factual basis to assert its invalidity claims.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 17th day of November, 2011.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge