UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WHITSERVE, LLC, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:11-CV-948 (JCH) |
| | : | |
| v. | : | |
| | : | |
| GODADDY.COM, INC. | : | APRIL 8, 2013 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR CLARIFICATION OR, IN THE
ALTERNATIVE, MOTION FOR PARTIAL RECONSIDERATION (Doc. No. 204)**

**I.   INTRODUCTION**

Plaintiff, Whitserve, LLC ("Whitserve), brings this action against GoDaddy.com, Inc. ("GoDaddy"), alleging that GoDaddy has infringed WhitServe's patents, in violation of 35 U.S.C. § 271, et seq.  The Complaint in this case was originally filed on June 14, 2011.  The court set an extended period for discovery, which was set to conclude on November 15, 2012.  See Doc. No. 85.  On August 10, 2012, the parties filed a joint Motion for Extension of Time (Doc. No. 142) to extend the discovery deadlines by 15 days.  This Motion was granted (Doc. No. 143), and the deadlines regarding discovery related to expert witnesses were extended to November 30, 2012.

On the final day of that extended discovery period, GoDaddy filed a Motion for an Extension of Time (Doc. No. 198) for one week to allow a third party, Network Solutions, LLC ("Network Solutions") additional time to comply with GoDaddy's subpoena, served ten days earlier on November 20, 2012.  This Motion was denied.  See Doc. No. 201.  GoDaddy then filed this Motion for Clarification or, in the Alternative, Motion for Partial Reconsideration ("Mot. Reconsideration") (Doc. No. 204).  This Motion is **denied**.

1

## II. STANDARD OF REVIEW

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

## III. DISCUSSION

The Motion for Extension of Time that was denied by the court concerned a subpoena issued to a third party, Network Solutions, for information that potentially relates to a defense to WhitServe's patent infringement claims. GoDaddy asserts that information produced by Network Solutions shows that Network Solutions operated a system that qualifies as "prior art" to the patented system being defended by WhitServe. See Defendant's Memorandum in Support of Motion for Partial Reconsideration ("Def.'s Memo. Supp. Mot. Reconsideration") (Doc. No. 204-1) at 4. WhitServe vigorously

denies that the information in question makes such a showing.  See Plaintiff's Opposition to Motion for Partial Reconsideration ("Pl.'s Opp. Mot. Reconsideration") (Doc. No. 244) at 7.

It is undisputed that the subpoena in question was served by GoDaddy on November 20, 2012, ten days before the end of the extended discovery deadline, and well after both parties moved to extend the discovery deadline by 15 days.  The parties, however, offer differing accounts of why the subpoena in question was filed so late.

According to GoDaddy, it had no reason to believe an investigation into the Network Solutions system was necessary until after WhitServe produced several thousand pages of discovery on August 22, 2012.  In this discovery were emails between counsel for WhitServe and counsel for Network Solutions that GoDaddy says alerted it to a potential issue.  Further, GoDaddy asserts that WhitServe was aware of this relevant information much earlier, April 2012, but made no mention of its existence.  See Def.'s Memo. Supp. Mot. Reconsideration at 7 ("This limited email exchange gave Go Daddy an inkling after the late August 2012 production that Network Solutions disclosed something to WhitServe back in the April/May 2012 timeframe that caused WhitServe to back off enforcement of the Patents.").  GoDaddy then says it began the process of obtaining relevant information from Network Solutions, including direct negotiations with the company.  However, GoDaddy only issued and served the Network Solutions subpoena on November 20, almost three months after the document production.  Even assuming a reasonable amount of time for GoDaddy to process the information it received from WhitServe, GoDaddy had at least two months to pursue information from Network Solutions prior to the discovery deadline.  GoDaddy asserts

3

that it first attempted to resolve the discovery issue informally, before finally resorting to a subpoena.  WhitServe argues that the tardy November 20, 2012 service of the subpoena was not the result their own delay in supplying the relevant discovery to GoDaddy, or for any reason other than GoDaddy's belated actions.  <u>See</u> Pl.'s Opp. Mot. Reconsideration at 2.

      To the extent that GoDaddy's Motion is a motion for reconsideration, it is clear that it has not satisfied the high standard necessary for granting that Motion.  GoDaddy has identified no intervening change in controlling law, or newly discovered evidence.  There are also no new material fact questions that GoDaddy has identified that would justify reconsideration.  GoDaddy points to supplements to WhitServe's expert reports as being somehow relevant to the question of whether the court properly analyzed GoDaddy's Motion for Extension of time.  They are not (and, at any rate, do not involve alleged violations of deadlines), and any objections GoDaddy has to those supplements are more properly addressed in separate motions addressed to the merits, not as a basis for an argument by analogy on a Motion for Reconsideration.   Lastly, declining to reconsider the earlier Order would not engender manifest injustice.  The discovery deadline had already been extended -- and for a notably small window of time -- and GoDaddy was aware of the potential Network Solutions information for a period of time more than sufficient for GoDaddy to pursue timely remedies.  A subpoena issued to a cooperative third party ten days before the end of a lengthy, and extended, discovery period does not give rise to an implication of manifest injustice when that subpoena is not complied with as soon as GoDaddy would like, and would certainly not suffice to show good cause justifying the Motion for Extension of time in the first place.  <u>See</u>

4

Gucci America, Inc. v. Guess?, Inc., 790 F.Supp.2d 136, 139 (S.D.N.Y. 2011) ("Reopening discovery after the discovery period has closed requires a showing of good cause.") (citing Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991)). Further, it is clear that reconsidering the extension of the deadline would prejudice WhitServe, which would be limited in its ability to pursue its own relevant discovery on the issue.

To the extent that the Motion is a Motion for Clarification, GoDaddy seeks a determination of whether the court's original Order denying the Motion for Extension of Time has the effect of precluding use of the tardily acquired discovery.

The court notes that the Motion for Extension of Time did not raise the issue of, and the Order did not state, whether discovery obtained after the discovery deadline was specifically precluded, making this situation analogous to the relatively common one in which discovery is produced following expiration of a discovery deadline. Indeed, at the time of its Order, there was as yet no discovery produced for the court to have considered for preclusion. In general, "a district court has wide latitude to determine the scope of discovery." In re Agent Orange Prod. Liability Litig., 517 F.3d 76, 103 (2d Cir. 2008); see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (denying further discovery because plaintiff had "ample time in which to pursue the discovery that it now claims is essential"). "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." Gucci America 790 F.Supp.2d at 140. Several courts have explicitly determined that a subpoena to a third party is not exempt from discovery deadlines in scheduling orders. See, e.g., Dag Enterprises v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D. D.C. 2005)

(collecting cases).

The court notes, however, that the Motion for Extension of Time was not a Motion for Discovery Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, which contemplates the sanction of preclusion of discovery, nor was it a Motion to Preclude.  While a court does have substantial authority regarding the management of discovery, the court's Order did not contemplate preclusion issues, nor did it result in the issuance of a protective order.  See, e.g., DE Technologies, Inc. v. Dell Inc., 238F.R.D. 561, 565 (W.D. Va. 2006) ("[I]t is clear that the court has the authority, pursuant to its power to manage discovery, to decide whether to allow discovery to continue past the court-imposed deadline for completion of discovery and to decide whether to allow the use at trial of documents produced after this deadline."). While the Motion for Extension of Time did not implicate the discovery sanctions contemplated by Rule 37, the court notes that the Second Circuit has stated that, in cases involving the exclusion of discovery for violations of a discovery order, courts examine, "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  Sofitel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997).  The court's earlier Order did not engage in such analysis: the Motion for Extension of Time did not raise the issue.  While it appears to be within a court's discretion to preclude evidence produced after a discovery deadline -- particularly, as here, where the tardiness is not the direct result of delaying tactics by opposing counsel -- courts doing so are generally

explicit about what they are doing at the time.  See, e.g., Playboy Enterprises Intn'l, Inc. v. On Line Entertainment, Inc., No. 00-CIV-6618 (RJD), 2003 WL 1567120 (E.D.N.Y. March 13, 2003); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 550 (Fed. Cir. 1998).  The court cannot "clarify" a matter that was not before it at the time it originally ruled.  Accordingly, the court denies the Motion for Clarification.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Clarification or, in the Alternative, Motion for Partial Reconsideration (Doc. No. 204) is **denied**.  Issues related to preclusion are more properly addressed on a Motion to Preclude, which appears to already be the subject of a separate Motion before Judge Young in connection with the pending Motion for Summary Judgment.  See Doc. No. 211.  While this court is reluctant to cause unnecessary expenditure of time and effort on behalf of the parties and Judge Young, it is simply not in a position to expand or clarify a ruling it did not make in its earlier Order denying the Motion for Extension of Time.

**SO ORDERED.**

Dated at New Haven, Connecticut this 8th day of April, 2013.


    /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge