

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WhitServe LLC, | |
| Plaintiff(s), | Civil Action No. 3:11-cv-00948-WGY |
| v. | YOUNG D.J. |
| | JURY DEMAND    MOTION ALLOWED |
| GoDaddy.com, Inc. | *William G. Young* |
| | U.S. District Judge |
| Defendant(s). | May 20, 2013 |

### WHITSERVE'S MOTION FOR LEAVE TO FILE A MEMORANDUM OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO GODADDY'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

WhitServe LLC ("WhitServe") respectfully moves for leave to file a four page Memorandum of Supplemental Authority in response to GoDaddy.com, Inc.'s ("Go Daddy") argument that certain claims of U.S. Patent Nos. 5,895,468 and 6,182,078 (collectively the "WhitServe Patents") are means-plus-function claims governed by 35 U.S.C. § 112(f). The proposed memorandum is attached as Exhibit A.

On December 17, 2012, Go Daddy moved for summary judgment of invalidity. (Dkt. 217.) Go Daddy argued invalidity under 35 U.S.C. §§ 101, 102, 103, and 112 (Dkt. 271-1 at 11-36). Among its arguments under § 112, Go Daddy argued that certain claims were indefinite under § 112, ¶ 6 (now § 112(f)). (Id. at 23-25.) The premise for Go Daddy's argument in this regard is that "the drafter must have constructively engaged in means-plus-function claiming" for those WhitServe Patent claims that recite "software executing on said computer." (Id. at 24.) Go Daddy provided no explanation as to why "software executing on said computer for . . ." is analogous to the use of the term "means for," and cited no case law applying § 112, ¶ 6 to the use of the term "software executing on said computer." (Id.) WhitServe refuted the applicability of § 112(f) to the extent reasonably possible, in light of the page limits on briefing and the time