UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WHITSERVE LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>GODADDY.COM, INC.<br><br>        Defendant, | CIVIL ACTION<br>NO. 3:11-cv-00948-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.                                                November 4, 2014

## I.   INTRODUCTION

This motion arises in a case where WhitServe LLC ("WhitServe") has sued GoDaddy.com, Inc. ("GoDaddy") for allegedly infringing two of WhitServe's patents – U.S. Patent No. 5,895,468 (the "'468 patent") and U.S. Patent No. 6,182,078 (the "'078 patent"). U.S. Patent No. 5,985,468 (filed Oct. 7, 1996); U.S. Patent No. 6,182,078 (filed Dec. 2, 1999). On December 17 and 18, 2012, GoDaddy filed two motions for summary judgment on invalidity, patent marking, non-infringement, and claim construction grounds. Go Daddy's Mot. Summ. J. Invalidity, ECF No. 217; Go Daddy's Mot. Summ. J. Concerning Patent Marking, Non-Infringement & Claim Construction, ECF No. 221. On May 2, 2013, this Court held a motion session, at which

1

point it "denied the motions for summary judgment except as to the issue of indefiniteness, which [was] taken under advisement." Minute Entry, May 3, 2013, ECF No. 304. After careful consideration, the Court now DENIES the motion.

### A.  The Asserted Claims

As relevant to this motion, WhitServe asserts infringement of claims 1 to 4, 9, 13 to 16, and 24 to 27 of the '468 patent, and claims 1, and 7 to 10 of the '078 patent. Compl. Infringement Patent ("Complaint") 4-5, 7-9, 11-12, 14-16, ECF No. 1. The word "software" suffuses these claims. Claim 1 of the '468 patent is paradigmatic of the claims in these two patents:[1]

> 1. A device for automatically delivering professional services to a client comprising:
> a computer;
> a database containing a plurality of client reminders,
>     each of the client reminders comprising a date
>     field having a value attributed thereto;
> <u>software</u> executing on said computer for automatically
>     querying said database by the values attributed
>     to each client reminder date field to retrieve a
>     client reminder;
> <u>software</u> executing on said computer for automatically
>     generating a client response form based on the
>     retrieved client reminder;
> a communication link between said computer and the
>     Internet;
> <u>software</u> executing on said computer for automatically
>     transmitting the client response form to the
>     client through said communication link; and

---

[1] Analysis regarding the '468 patent also applies to the '078 patent unless otherwise stated.

2

>     software executing on said computer for automatically
>         receiving a reply to the response form from the
>         client through said communication link.

'468 Patent, col.6 l.56 - col.7 l.8 (emphasis added).

## II.  ANALYSIS

A valid patent claim must be written in definite terms such that one skilled in the art understands the metes and bounds of the claim. See, e.g., Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n, 161 F.3d 696, 705 (Fed. Cir. 1998). This usually requires a "descri[ption of] the item or element to be used." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 27 (1997). Under certain circumstances, however, an inventor may express a claim element more generally "as a means or step for performing a specified function." 35 U.S.C. § 112(f). In exchange for relaxing certain requirements, these types of claims, known as a "means-plus-function" or "means-plus," require that the drafter clearly link the structure of the claim to the associated function, and the Federal Circuit has set out certain requirements for what such claims must include. See Medical Instrumentation & Diagnostics Corp. v. Elekta AB, 344 F.3d 1205, 1211 (Fed. Cir. 2003).

These requirements include, for example, the disclosure of algorithms in means-plus-function claims covering computer

programs.[2]  See Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech., 521 F.3d 1328, 1337-38 (Fed. Cir. 2008).  While the Federal Circuit has required software patentees "who write claims in [the] means-plus-function format" to disclose the "particular algorithms that implement those claims," non-means-plus software claims "have not been subject to the[se] . . . constraints."  Mark A. Lemley, Software Patents and the Return of Functional Claiming, 2013 Wis. L. Rev. 905, 926-28 (collecting cases); see also Harris Corp. v. Ericsson Inc., 417 F.3d 1241, 1253 (Fed. Cir. 2005) (establishing algorithm disclosure requirement specifically for means-plus-function terms).

Before reaching the issue of whether a means-plus-function claim is sufficiently detailed, however, a court must first determine whether the claim actually is a means-plus-function in the first place.  See Massachusetts Institute of Tech. & Elec. For Imaging, Inc. v. Abacus Software ("MIT"), 462 F.3d 1344,

---

[2] The Federal Circuit has relaxed this rigid rule by expanding the scope of "algorithm" to include a prose disclosure of the software operation without laying out the computer code. Typhoon Touch Techs., Inc. v. Dell, Inc., 659 F.3d 1376, 1386 (Fed. Cir. 2011) (holding that a "recit[ation] in prose [of] the algorithm to be implemented by the programmer" is sufficient for a means-plus-function claim based on software).  In doing so, the Federal Circuit re-established the standard that a disclosure of the function is sufficient if a person having ordinary skill in the art would "know and understand what structure corresponds to the means limitation." Id. at 1384 (quoting Finisar Corp. v. DirecTV Grp., Inc., 523 F.3d 1323, 1340 (Fed. Cir. 2008)).

1354 (Fed. Cir. 2006).  To guide this inquiry, the Federal Circuit sets out a rebuttable presumption: if the claim term "actually uses the word 'means,'" it is presumed to be a means-plus claim, if the claim term "does not use 'means,'" it is presumed not to be.  <u>Lighting World, Inc. v. Birchwood Lighting, Inc.</u>, 382 F.3d 1354, 1358 (Fed. Cir. 2004) (quoting <u>CCS Fitness, Inc. v. Brunswick Corp</u>, 288 F.3d 1359, 1369 (Fed. Cir. 2002)).  "[T]he presumption flowing from the absence of the term 'means' is a strong one that is not readily overcome."  <u>Inventio AG v. ThyssenKrupp Elevator Americas Corp.</u>, 649 F.3d 1350, 1356 (Fed. Cir. 2011).

### A.   Rebutting the Presumption Against Means-Plus

The presumption against a means-plus construction for claims that do not use the word "means" – like the one in the instant case – can be rebutted if "the claim term fails to recite sufficiently definite structure or else recites function without reciting sufficient structure for performing that function."  <u>Flo Healthcare Solutions, LLC v. Kappos</u>, 697 F.3d 1367, 1373 (Fed. Cir. 2012) (quoting <u>MIT</u>, 462 F.3d at 1353) (internal quotation marks omitted).  This is a high bar, however, and the presumption will not be defeated "without a showing that the limitation essentially is devoid of anything that can be construed as structure," <u>id.</u> at 1374, by someone of skill in the art, <u>Personalized Media</u>, 161 F.3d at 703-04.

5

In construing the contested terms, a court may look broadly "to the words of the claims themselves, the written description, the prosecution history, and any relevant extrinsic evidence." Inventio, 649 F.3d at 1356. The Federal Circuit has put in place a few guidelines to steer the court's inquiry.

First, the court is to consider whether the disputed word has a "reasonably well-understood meaning as a name for a structure." Flo Healthcare, 697 F.3d at 1374. This is a demanding standard, and the presumption that a claim is not a means-plus-function one will not be defeated so long as the definition denotes a claim "with a generally understood meaning in the mechanical arts, even though the definitions are expressed in functional terms." Greenberg v. Ethicon Endo-Surgery, Inc., 91 F.3d 1580, 1583 (Fed. Cir. 1996). Not all terms, however, are sufficiently specific, and "generic terms [such as] 'mechanism,' 'means,' 'element,' and 'device,' typically do not connote sufficiently definite structure." MIT, 462 F.3d at 1354. Nor will a "nonce word or a verbal construct that is not recognized as the name of a structure and is simply a substitute for the term 'means for'" allow a term to avoid a means-plus label. Lighting World, 382 F.3d at 1360; see also MIT, 462 F.3d at 1354 ("[T]he patentee used 'mechanism' and 'means' as synonyms.").

Second, in looking at the written description and claim terms, courts will consider whether the structure of the contested term is defined with reference to other structural elements or components of the device or process in question. See Inventio, 649 F.3d at 1359 ("[T]he claims recite a 'modernizing device,' delineate the components that the modernizing device is connected to, describe how the modernizing device interacts with those components, and describe the processing the modernizing device performs.").

Finally, the court may consider expert testimony on whether the term suggests structure, at least insofar as the testimony is not inconsistent with the internal logic of the patent. See Lighting World, 382 F.3d at 1358-59 (citing Markman v. Westview Instruments, Inc., 517 U.S. 370, 389 (1996)).

### B. "Software Executing on Said Computer"

GoDaddy alleges that the phrase "software executing on said computer" is a means-plus-function claim that fails to satisfy the Federal Circuit's means-plus structural requirements. Mem. Supp. Go Daddy's Mot. Summ. J. Invalidity 24, ECF No. 217-1. WhitServe says the phrase is not a means-plus claim, and thus those structural requirements do not apply. WhitServe LLC's Opp'n GoDaddy.Com, Inc.'s Mot. Summ. J. Invalidity 15-17, ECF No. 264.

The claim "software executing on said computer" does not include the word "means," thus creating a rebuttable presumption that it is not a means-plus-function claim. See Lighting World, 382 F.3d at 1358. After considering the relevant factors articulated by the Federal Circuit, this Court cannot say that GoDaddy has rebutted that presumption.

First, the term "software" is not a generic structural term equivalent to "mechanism," "means," or "element," MIT, 462 F.3d at 1354, nor is it a nonce word that is "simply a substitute for the term 'means for,'" Lighting World, 382 F.3d at 1360. Rather, it is a noun with a specific structural meaning, defining the set of coded instructions and programs governing the operation of computer hardware. See, e.g., American Heritage Dictionary 1652 (4th ed. 2000) ("The programs, routines, and symbolic languages that control the function of the hardware and directs its operation."); The New Merriam-Webster Dictionary 685 (1989) ("[T]he entire set of programs, procedures, and related document associated with a system; especially computer program."). Moreover, insofar as the dictionary definition is an independent relevant consideration, the fact that the word is so defined cuts in favor of a determination that the word is not means-plus.

Second, as in Inventio, 649 F.3d at 1358-59, other claims within the patent describe how "software" is connected to other

elements of the patent.  For example, the patent claims that software will interact with a client reminder database, "client response form based on the retrieved client reminder," and a "communication link between said computer and the Internet," and describes a pathway for how this information will be transmitted.  '468 Patent, col.6 l.59 – col. 7 l.2.  In Inventio, the Federal Circuit accepted a similar set of connections between components as it held that "computing unit" was not a means-plus limitation.  See 649 F.3d at 1359 ("The claims recite that the computing unit is connected to the modernizing device and generates a destination signal for transmission to the modernizing device.").

Third, the '468 patent's written description, as in Inventio, further expands on these structural connections.  Compare id. at 1360 ("The written descriptions also explain the steps that the computer program product performs, as well as the interaction between the computing unit and modernizing device, and the computing unit and the floor terminals.") (internal citations omitted), with '468 Patent, col.3 ll.18-34 ("Software executing on a professional computer automatically queries a docket database by date to retrieve a client reminder . . . . Software executing on the professional computer automatically generates a response form based on the retrieved client reminder and automatically transfers the response form through an

9

Internet communication link to a client computer."). These descriptions help define structure for a skilled artisan.

Fourth, there is some expert testimony in favor of a finding of structure. Frederick Sayward, Ph.D., WhitServe's expert, declared that: "[t]he claim elements of the '468 and '078 patents disclose software which performs a specified function. One of skill in the art of the '468 and '078 patents would designate structure in this way, as a computer with specific software." Docs. Filed Under Seal Pursuant WhitServe's Mot. Leave File WhitServe LLC's Local R. 56(a)(2) Statement Opp'n GoDaddy's Mot. Summ. J. Invalidity & Exs. E, H, K, N, Q & R, Ex. E., Decl. Frederick Sayward ¶ 18. While certainly not determinative, this does suggest that the relevant term denotes structure to a skilled artisan.

Finally, a ruling that "software executing on said computer" is not a means-plus term is consistent with other courts that have interpreted "software" (and similar terms) to have sufficient structure so as to avoid a means-plus classification. See Inventio, 649 F.3d at 1359-60 ("computing unit"); RLIS, Inc. v. Allscripts Healthcare Solutions, Inc., Nos. 3:12-CV-208; 3:12-CV-209, 2013 WL 3772472, at *14 (S.D. Tex. July 16, 2013) ("computer software"); Eolas Techs., Inc. v. Adobe Sys., Inc., 810 F. Supp. 2d 795, 810 (E.D. Tex. 2011) ("computer readable program code"); Aloft Media, LLC v. Adobe

10

Sys., Inc., 570 F. Supp. 2d 887, 898 (E.D. Tex. 2008) ("computer code").

III. CONCLUSION

For the aforementioned reasons, and in light of the strong presumption against a means-plus construction, this Court cannot conclude that the relevant term "essentially is devoid of anything that can be construed as structure." Flo Healthcare, 697 F.3d at 1374. Thus, because the challenged claims are not means-plus, GoDaddy's motion for summary judgment, ECF No. 217, which is premised on the existence of a means-plus claim, is necessarily DENIED.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG[3]
DISTRICT JUDGE

---

[3] Of the District of Massachusetts, sitting by designation.